# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN VILLALPANDO VACA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-03526-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is a noncitizen who has lived in the United States since 1995 and has two U.S. citizen children. Petitioner was detained when U.S. Immigration and Customs Enforcement ("ICE") officers pulled him over while the officers were looking for someone else. Petitioner has been detained since March 17, 2026. (ECF No. 1 at 5.[1]) Petitioner was placed in removal proceedings. (ECF No. 9-1.) Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236, and on March 30, 2026, an immigration judge denied the request because the immigration court "lacks jurisdiction over the request for custody redetermination as [Petitioner]

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

is an applicant for admission and subject to mandatory detention under INA section 235(b)(2)." (ECF No. 9-4 at 1.)

On May 7, 2026, Petitioner filed a petition for writ of habeas corpus prolonged detention due process claim. (ECF No. 1 at 6–17.) The Court construed the petition "as raising claims challenging Petitioner's re-detention and the statutory authority of Petitioner's detention." (ECF No. 7 at 1.) On May 29, 2026, Respondents filed a response to the petition. (ECF No. 9.)

## II.

## DISCUSSION

The Court finds that issuance of findings and recommendation is appropriate despite the time for Petitioner to file a reply to Respondents' response having not yet expired.

Respondents contend that "Petitioner is an 'applicant for admission' who is subject to mandatory detention" under 8 U.S.C. § 1225(b)(2). (ECF No. 9 at 1.) Such arguments have been rejected by this Court in numerous previous decisions. See, e.g., Crispin M.C. v. Noem, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); J.A.C.P. v. Wofford, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); Lepe v. Andrews, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions set forth above, the Court recommends finding that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing. See Salinas Bravo v. Warden, No. 1:26-CV-02664-KES-SAB (HC), 2026 WL 1050095 (E.D. Cal. Apr. 16, 2026) (ordering bond hearing for petitioner with criminal history); Perez v. Chestnut, No. 1:26-CV-00900-KES-SAB (HC), 2026 WL 381022 (E.D. Cal. Feb. 11, 2026) (same).

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED on the construed claim challenging the statutory authority of Petitioner's detention.

2.  Respondents be directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3